O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA MCGOWAN,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:16-CV-00923 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In May of 2012, Plaintiff Brenda McGowan applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Bill LaTour, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 18). On January 26, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for benefits on May 1, 2012, alleging disability beginning April 27, 2012. (T at 236).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 13, 2013, a hearing was held before ALJ Jay Levine. (T at 722). Plaintiff appeared with an attorney and testified. (T at 725-47). The ALJ also received testimony from Gregory Jones, a vocational expert. (T at 747-750).

On July 19, 2013, the ALJ issued a written decision denying the applications for benefits. (T at 44-58). On February 7, 2014, the Appeals Council granted

---

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

Plaintiff's request for review and remanded the matter for further proceedings. (T at 59-61).

A second hearing was held before ALJ Levine on July 8, 2014. (T at 753). Plaintiff again appeared with an attorney and testified. (T at 756-772). The ALJ received additional testimony from Ruth Arnush, a vocational expert. (T at 772-773).

On August 7, 2014, ALJ Levine issued a second decision denying the applications for benefits. (T at 14-26). ALJ Levine's second decision became the Commissioner's final decision on April 8, 2016, when the Appeals Council denied review. (T at 6-10).

On May 6, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on August 18, 2016. (Docket No. 14). The parties filed a Joint Stipulation on October 21, 2016. (Docket No. 16).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

# III. DISCUSSION

## A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a

1 medically severe impairment or combination of impairments. 20 C.F.R. §§
2 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

3 If the claimant does not have a severe impairment or combination of
4 impairments, the disability claim is denied. If the impairment is severe, the
5 evaluation proceeds to the third step, which compares the claimant's impairment(s)
6 with a number of listed impairments acknowledged by the Commissioner to be so
7 severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),
8 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or
9 equals one of the listed impairments, the claimant is conclusively presumed to be
10 disabled. If the impairment is not one conclusively presumed to be disabling, the
11 evaluation proceeds to the fourth step, which determines whether the impairment
12 prevents the claimant from performing work which was performed in the past. If the
13 claimant is able to perform previous work, he or she is deemed not disabled. 20
14 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual
15 functional capacity (RFC) is considered. If the claimant cannot perform past relevant
16 work, the fifth and final step in the process determines whether he or she is able to
17 perform other work in the national economy in view of his or her residual functional
18 capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
19 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

1  The initial burden of proof rests upon the claimant to establish a *prima facie*
2  case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th
3  Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden
4  is met once the claimant establishes that a mental or physical impairment prevents
5  the performance of previous work. The burden then shifts, at step five, to the
6  Commissioner to show that (1) plaintiff can perform other substantial gainful
7  activity and (2) a "significant number of jobs exist in the national economy" that the
8  claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

1 | 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

7

DECISION AND ORDER – MCGOWAN v BERRYHILL 5:16-CV-00923-VEB

1  **C.   Commissioner's Decision**

2  The ALJ determined that Plaintiff had not engaged in substantial gainful
3  activity since April 27, 2012, the alleged onset date, and met the insured status
4  requirements of the Social Security Act through December 31, 2014 (the "date last
5  insured"). (T at 19). The ALJ found that Plaintiff's cervicalgia, fibromyalgia, and
6  mood disorder were "severe" impairments under the Act. (Tr. 19).

7  However, the ALJ concluded that Plaintiff did not have an impairment or
8  combination of impairments that met or medically equaled one of the impairments
9  set forth in the Listings. (T at 20).

10  The ALJ determined that Plaintiff retained the residual functional capacity
11  ("RFC") to perform sedentary work, as defined in 20 CFR § 404.1567 (a) and
12  416.967 (a), provided she can work in a clean air environment, with no temperature
13  extremes and the ability to maintain a fixed head position. Further, Plaintiff is
14  precluded from intense, sustained interaction with the public, co-workers, or
15  supervisors, although incidental or social conversation is not precluded. (T at 21).

16  The ALJ determined that Plaintiff could not perform her past relevant work as
17  a child care worker or certified nursing assistant. (T at 24). Considering Plaintiff's
18  age (42 years old on the alleged onset date), education (at least high school), work

19
20

experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 24).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between April 27, 2012 (the alleged onset date) and August 7, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 25-26). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's second request for review. (T at 6-10).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 16, at p. 3), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed. First, Plaintiff argues that the ALJ did not comply with the Appeal Council's Remand Order. Second, Plaintiff challenges the ALJ's credibility determination. This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Appeals Council Compliance**

On February 7, 2014, the Appeals Council granted Plaintiff's request for review of the ALJ's first decision. The Appeal Council noted, *inter alia*, that the

9

DECISION AND ORDER – MCGOWAN v BERRYHILL 5:16-CV-00923-VEB

ALJ's decision was not accompanied by a list of exhibits, as required under the Commissioner's Hearings, Appeals, and Litigation Manual ("HALLEX") I-2-1-20. (T at 60). The Appeals Council remanded the matter, with a directive that the ALJ offer Plaintiff an opportunity for an additional administrative hearing. In addition, the Appeal Council ordered the ALJ to provide a "new decision that contains a list of exhibits." (T at 61).

On August 7, 2014, following a further administrative hearing, ALJ Levine issued a second decision denying the claim for benefits. (T at 14-26). The decision was not accompanied by a list of exhibits. Plaintiff argues that this constitutes reversible error. Although this Court does not wish to condone non-compliance with procedural rules and/or directives of the Appeals Council, Plaintiff's argument that the ALJ's omission of an exhibit list justifies remand is unavailing for the following reasons.

First, this Court only has jurisdiction to review the Commissioner's final decision. As such, alleged non-compliance with an Appeals Council remand order is not reviewable by the federal courts. The Appeals Council declined Plaintiff's second request for review, thereby declining to act on the ALJ's non-compliance with the initial remand order, and making the ALJ's second decision the Commissioner's "final decision." *See Million v. Astrue*, No. EDCV 09-1435, 2011

U.S. Dist. LEXIS 33069, at *5 & n.1 (C.D. Cal. Mar. 29, 2011); *see also* 42 USC § 405 (g); *Tyler v. Astrue*, 305 Fed. Appx. 331, 332 (9th Cir. 2008)("The district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand . . . . [F]ederal courts only have jurisdiction to review the final decisions of administrative agencies. When the Appeals Council denied review of the ALJ's second decision, it made that decision final, and declined to find that the ALJ had not complied with its remand instructions.").

In other words, "the Court's role is to determine whether the ALJ's final decision is supported by substantial evidence, not whether the ALJ complied with the Appeals Council's remand order." *Thompson v. Astrue*, No. EDCV, 09-1182, 2010 U.S. Dist. LEXIS 75596, at *6 (C.D. Ca. July 27, 2010).

Second, the ALJ's non-compliance with HALLEX does not provide a basis for relief. The Ninth Circuit has held that HALLEX does not impose "judicially enforceable duties." *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). As such, courts will not "review allegations of noncompliance with the manual" because it "does not have the force and effect of law [and] is not binding on the Commissioner." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000).

Third and finally, Plaintiff has not articulated any prejudice arising from the ALJ's failure to include a list of exhibits. The purpose of the exhibit list is to ensure that the claimant is aware of the information the ALJ relied on when making the decision to deny benefits. HALLEX, I-2-1-20. Here, Plaintiff does not cite any confusion about the basis for the ALJ's decision and does not allege any prejudice arising from the lack of an exhibit list. It appears the exhibits contained in the administrative record (a) constitute the complete record and (b) were considered by the ALJ in making the decision to deny benefits. "Reversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights." *Id.* Here, Plaintiff has not articulated, let alone established, that the ALJ's omission of an exhibit list affected her substantial rights. As such, relief cannot be granted on this basis.

Nevertheless, the Court does not condone the conduct of the ALJ in ignoring the Appeals Council Order and the Appeals Council's tolerance of the ALJ's omission in light of its order.

## B. Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff alleged that she spends most of her day lying down due to disabling pain, which radiates to her legs and down her arms and causes numbness. (T at 22). The ALJ concluded that Plaintiff's medically determinable

13

DECISION AND ORDER – MCGOWAN v BERRYHILL 5:16-CV-00923-VEB

impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 22).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence. The ALJ gave a detailed summary of the medical evidence, which he reasonably found to be inconsistent with Plaintiff's allegations of disabling pain. In March of 2013, Plaintiff told her treating physician, Dr. Stephen Thomas Owen, that she needed a form stating that she could not work. (T at 566). Dr. Owen's clinical findings on examination were generally unremarkable and he stated as follows: "It is not quite clear why [Plaintiff] cannot work, however Off Work Order given as she says she has pain and cannot work due to that." (T at 567). In February of 2014, Plaintiff was treated by Dr. Stanley Wai Lun Ng with complaints of "entire body pain," but the clinical findings were once again generally unremarkable. (T at 676-78). Dr. Ng recommended Vitamin B-12 and tapering off of Percocet. (T at 678). Treatment notes from March 2014 are likewise unremarkable and indicate that Plaintiff's pain was generally well-managed. (T at 681-82). A March 2014 mental status examination by Dr. Mirou Pich Dom, indicated some anxiety, dysphoric mood, and restricted affect. (T at 693). However, Plaintiff was noted to be alert and fully oriented, with intact memory, and

having "fair" insight and judgment. (T at 693). As summarized by the ALJ, nerve conduction studies, x-rays, and MRIs were normal. (T at 23).

Although the lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff made inconsistent statements, which detracted from her credibility. Although Plaintiff claimed the need to lay down for the majority of the day, the record indicated that she could attend medical appointments, help her daughter dress and get ready for school, shop for groceries, drive, attend to personal care needs, and perform light household chores. (T at 22).

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

15

DECISION AND ORDER – MCGOWAN v BERRYHILL 5:16-CV-00923-VEB

Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Lastly, Plaintiff's treatment consisted primarily of physical therapy and medications. In his first decision, which he incorporated into the second decision, ALJ Levine concluded that this treatment regimen was more conservative than one would expect if Plaintiff's pain was as disabling as she alleged. This was a valid basis on which to discount Plaintiff's credibility. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination.

### V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including

the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. Although this Court finds no reversible error and finds that substantial evidence supports the Commissioner's decision, the Court is critical of the manner in which the ALJ and the Commissioner ignored their own procedures. Nevertheless, the Commissioner is GRANTED summary judgment and Plaintiff's motion for summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 14th day of October, 2017,

/s/ Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE